# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-51022
Summary Calendar

DUNOIS T BEMAN

Plaintiff-Appellant

v.

PHILLIP JOSEPH SMITH; AUSA JOHN KLASSEN; DAWN MILLER;
STEPHEN MOYIK; STATE BAR OF TEXAS

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CV-55

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dunois T. Beman, federal prisoner # 83124-080, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint as frivolous or malicious, for failure to state a claim upon which relief may be granted, and because it asserted claims against parties who are immune from suit. See 28 U.S.C. § 1915(e). Beman's IFP application is construed as a challenge of the district court's decision decertifying Beman's IFP

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

status on the ground that the appeal has not been taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (quotation marks omitted).

In his complaint, Beman named as defendants Phillip Smith, Assistant United States Attorney (AUSA) John Klassen, the State Bar of Texas (State Bar), Chief Disciplinary Counsel Dawn Miller, and Assistant Disciplinary Counsel Stephen Moyik. The district court determined that AUSA Klassen was entitled to absolute immunity from suit for his actions as a federal prosecutor; that Beman's claims against Smith were not cognizable under 42 U.S.C. § 1983 because Smith was not a state actor; and that the State Bar, Moyik, and Miller are immune from suit. Beman has not shown that he will raise a nonfrivolous issue with respect to those determinations. See Howard 707 F.2d at 220.

Beman complains that the district court dismissed his complaint prematurely without giving him an opportunity to respond to a motion to dismiss filed by the State Bar, Moyik, and Miller. The district court dismissed the complaint after conducting judicial screening pursuant to 28 U.S.C. § 1915A and § 1915(e) and did not, in its order, rule upon the motion to dismiss. Section 1915A contains no requirement for giving notice to the plaintiff of impending dismissal. § 1915A.

Beman contends that the district court was unfairly biased against him. There is no reason to believe that the district court was unfairly biased. See Liteky v. United States, 510 U.S. 540, 555-56 (1994).

Beman has not shown that he wishes to raise a nonfrivolous issue on appeal. The request for leave to proceed IFP is denied. See Howard, 707 F.2d at 219. Because the appeal is without arguable merit, it is dismissed as frivolous. See 5TH CIR. R. 42.2. The district court's dismissal of Beman's complaint and this court's dismissal of Beman's appeal both count as strikes for purposes of 28

U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Beman that if he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while his is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.